JKG

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT MYERS,

Petitioner

v.

TABB BICKELL,
THE DISTRICT ATTORNEY OF THE THE COUNTY OF DELAWARE, and
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,

Respondents

Civil Action
No. 11-cv-06514

FILED
NOV - 2 2012
MICHAEL E. KUNZ, Clerk
By ______ Dep. Clerk

O R D E R

NOW, this 1st day of November, 2012, upon consideration of the following documents:

(1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by petitioner Robert Thomas Myers pro se on October 17, 2011;[1]

---

[1] Pursuant to the prison mailbox rule, a prisoner's petition is deemed to have been filed on the date the petitioner delivered his petition to prison officials to mail. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997). In order to facilitate the prison mailbox rule, the standard section 2254 habeas corpus form petition for the United States District Court for the Eastern District of Pennsylvania -- which Mr. Myers submitted in the within action -- provides as follows:

> I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ________________.
> (month, date, year)
>
> Executed (signed) on ________________. (date)

(Although the forgoing language is on the 18th page of the Petition (page 18 of 21), a preprinted number at the top right of the form petition utilized by petitioner states "Page 19".)

Despite signing his name on the same page and immediately below the above-quoted provision, Mr. Myers did not indicate the date on which he placed the Petition into the prison mail system, or the date on which he signed the Petition. Because I cannot determine when Mr. Myers placed his Petition into the prison mail, I deem his Petition to have been filed October 17, 2011, which is the filing date indicated on the docket of this case.

(2) Response and Memorandum of Law [in Opposition] to Petition for Habeas Corpus, which response and memorandum were filed by respondents on July 12, 2012, together with

(A) Application for Prisoners to Proceed in District Court Without Prepaying Fees or Costs (Short Form);

(B) Copy of Docket in Commonwealth of Pennsylvania v. Robert Thomas Myers, Docket No. CP-23-CR-0003205-2005, Criminal Docket, in the Court of Common Pleas of Delaware County, Pennsylvania ("Myers Common Pleas Docket"; and

(B) Memorandum Opinion of the Superior Court of Pennsylvania in Commonwealth of Pennsylvania v. Robert Thomas Myers, No. 1156 EDA 2007 (Pa.Super. April 25, 2008)(not precedential);

(3) Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo filed July 24, 2012; and

(4) Petitioner's Objections to Magistrate's Report and Recommendation, which objections were filed August 10, 2012;

it appearing after thorough review of this matter that Magistrate Judge Restrepo's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,[2]

---

[2] When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections. 28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

(Footnote 2 continued):

---

(Continuation of footnote 2):

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge. Raddatz, supra.

Petitioner is incarcerated at the State Correctional Institution-Huntington in Huntington, Pennsylvania, where he is serving a sentence of not less than twenty, nor more than forty, years imprisonment, imposed by the Court of Common Pleas of Delaware County, Pennsylvania. Petitioner entered an open guilty plea on January 29, 2007 to one count of Murder of the third degree, 18 Pa.C.S.A. § 2502(c), and the Commonwealth dropped the charge of Murder of the first degree, 18 Pa.C.S.A. § 2502(a). Numerous other charges were nolle prossed at petitioner's sentencing on March 20, 2007. (See Myers Common Pleas Docket at page 4.) The factual and procedural history underlying petitioner's requests for federal habeas relief is well-summarized in the Report and Recommendation at pages 1-2, and is incorporated here.

Magistrate Judge Restrepo recommends that the Petition be dismissed as time-barred, and that a certificate of appealability be denied. (R&R at page 8.) Specifically, Magistrate Judge Restrepo recommends the dismissal of the Petition as time-barred because it was filed more than one year -- in fact, nearly three and a half years (October 17, 2011) -- after petitioner's state-court judgment of conviction became final (May 27, 2008); and because petitioner has not alleged any facts which would support application of the doctrine of equitable tolling in this case. (R&R at pages 3-7.)

Petitioner raises a single objection to the Report and Recommendation. Specifically, petitioner objects, and contends, that Magistrate Judge Restrepo erred in declining to apply the doctrine of equitable tolling to his petition. (Objections at pages 2-3.)

In support of his objection that equitable tolling should be applied, petitioner asserts that (1) "he has been misled by his attorney"; (2) he "informed said counsel that he would like to have a Petition for Allowance of Appeal filed if the Superior Court does indeed affirm the judgment of sentence"; (3) he "repeatedly and diligently attempted to contact his attorney and find out what was happening with his appeal"; and (4) his "direct appeal counsel had abandoned him without leave of court and without ever informing [petitioner] that his appeal was denied". (Objections at pages 2-3.) More-over, petitioner asserts that he "was left unrepresented at a critical time of his appeal process and that he lacked a clue of any need to protect himself pro se...despite his reasonable diligence [and] the extraordinary circumstances" he faced. (Objections at page 3.)

The United States Court of Appeals for the Third Circuit has explained that

> the one year filing deadline contained in 28 U.S.C. § 2244(d)(1) can be subject to equitable tolling
>
> > only when the principle of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some

(Footnote 2 continued):

---

(Continuation of footnote 2):

> extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)(quoting Miller v. New Jersey Department of Correction, 145 F.3d 616, 618 (3d Cir. 1998)).

The United States Court of Appeals for the Third Circuit has stated that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the [level of] 'extraordinary circumstances' required for equitable tolling." Fahy, 240 F.3d at 244 (listing cases).

The Third Circuit has enumerated three circumstances permitting equitable tolling:

> if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.

Fahy, 240 F.3d at 244)(quoting Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)(citations omitted)).

Plaintiff has not timely asserted his rights in the wrong forum. Indeed, plaintiff acknowledges in his petition that he did not timely seek review of his conviction pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 ("PCRA"). (Petition at page 7 of 21 (preprinted page number 8).)

Moreover, although petitioner alleges that he was misled by his direct-appeal counsel, he makes no allegations concerning any misleading conduct or statements by any respondent. (See Objections at pages 2-3.)

Finally, although petitioner objects, and contends, that extraordinary circumstances prevented him from timely filing his petition, he has not presented any such circumstances in either his petition or objections. Rather, petitioner states that was able to regularly contact his attorney's office to inquire about the status of his appeal; and that he was able to contact the Superior Court of Pennsylvania to learn about the status of his appeal. (Objections at pages 2-3.) Moreover, petitioners participation in this habeas corpus proceeding (while not ultimately successful) demonstrates his capacity to represent himself.

In short, I conclude that petitioner has shown neither reasonable diligence in investigating and bring the claims asserted in his petition, nor any extraordinary way in which he was prevented from bringing those claims in a timely manner.

Accordingly, I approve and adopt Magistrate Judge Restrepo's Report and Recommendation, and overrule petitioner's objections to the Report

(Footnote 2 continued):

IT IS ORDERED that petitioner's Application to Proceed in District Court Without Prepaying Fees and Costs is dismissed as moot.[3]

IT IS FURTHER ORDERED that the objections of petitioner to the Report and Recommendation of Magistrate Judge Restrepo are overruled.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Restrepo is approved and adopted.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is dismissed without a hearing.

IT IS FURTHER ORDERED that petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because

---

(Continuation of footnote 2):

and Recommendation.  Moreover, because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542, 555 (2000).

[3]  Title 28, U.S.C. § 1914 governs filing and miscellaneous fees in the district courts and provides, in pertinent part that "on application for a writ of habeas corpus the filing fee shall be $5."  Here, the docket entries indicate that petitioner payed the required $5.00 filing fee on October 17, 2011.  (Docket entry number 1.)  Accordingly, petitioner's request to proceed without prepaying fees and costs is dismissed as moot.

petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

BY THE COURT:

James Knoll Gardner
United States District Judge